UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CARL RAY MORRIS, JR.,

Plaintiff,

v.                                                    CAUSE NO. 3:19CV998-PPS/MGG

ST. JOSEPH COUNTY JAIL, et al.,

Defendants.

OPINION AND ORDER

Carl Ray Morris, Jr., a prisoner without a lawyer, has filed a complaint against

the St. Joseph County Jail and two of its officers – C/O Miller and C/O Worth – because

the officers have each indicated that he looks like Fat Bastard, a character in the Austin

Powers movies. "A document filed *pro se* is to be liberally construed, and a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review a prisoner complaint and

dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief against a defendant who is immune from such

relief.

As an initial matter, Morris has sued the St. Joseph County Jail, but the jail is a

building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir.

2012). Therefore, he cannot state a claim against the St. Joseph County Jail.

I don't think it is unreasonable to expect correctional officers to treat inmates respectfully even if the respect is a one-way street. But for present purposes, unfortunately for Morris, that is neither here nor there. This is because while the conduct, if true, is plainly unprofessional, it does not state a claim for which relief can be granted. What Morris is describing is verbal harassment, and while he may find it humiliating, such harassment does not state a claim. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, No. 17-3543, 2020 WL 240447, at * 10-13 (7th Cir., Jan. 7, 2020) (rude language or verbal harassment by prison staff "while unprofessional and deplorable, does not violate the Constitution.").

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

ACCORDINGLY:

The court DISMISSES this case pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED on January 23, 2020.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT